George E. LAMBUR, III

v.

A. E. SLAYTON, Jr., Superintendent of the Virginia State Penitentiary.

Civ. A. No. 494–72–R.

United States District Court, E. D. Virginia, Richmond Division.

April 10, 1973.

---

George E. Lambur, III, pro se.

Burnett Miller, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

George E. Lambur, III, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his pleas of guilty to charges of grand larceny and uttering worthless checks were involuntary. The respondent has filed a motion to dismiss, to which Lambur has replied. It is this motion which is now before the Court.

The respondent contends that the matter which Lambur seeks to present is not properly before the Court because Lambur has not exhausted his state remedies and because he is not in custody pursuant to the conviction which he challenges. The Court holds both contentions to be without merit.

■ Lambur sought a writ of habeas corpus in the Circuit Court of Virginia Beach in May, 1966, charging, *inter alia,* the ineffective representation of counsel. One of the grounds for the petition was that the prosecuting attorney allegedly had agreed that if Lambur would plead guilty to the uttering charge, the grand larceny charge would be nolle prossed. This grand larceny charge was, however, prosecuted, and Lambur pleaded guilty to it. Upon the rejection of his petition, Lambur proceeded in this Court, alleging that his pleas of guilty were involuntary. Upon motion of the respondent, this Court dismissed the petition on the grounds that Lambur had not properly presented to the state court this claim concerning an alleged broken plea bargaining agreement and that he thus had not exhausted state remedies. Lambur then filed another petition in state court, to which the respondent, incredibly, argued that Lambur had already raised this issue in the previous state habeas corpus proceeding. The Circuit Court of Virginia Beach dismissed the petition on the basis of this argument, and Lambur returned to this Court. On these facts the Court is inclined to agree with Lambur's conclusion that he has been bounced about like a "football." No further exhaustion of state remedies will be required of him.

■ The respondent also contends that Lambur is not in custody pursuant to the grand larceny conviction, since he has already finished serving his time on that conviction. This contention has no merit in light of Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966), since the grand larceny sentence has delayed the serving of the uttering conviction.

From the record before it, including the transcript of the 1966 state habeas corpus hearing, the Court finds the following facts. In March of 1965, Lambur was indicted on several counts of uttering bad checks and one separate count of grand larceny. Andre Evans was appointed to represent Lambur. Prior to trial, Mr. Evans conferred with the prosecuting attorney, Peter B. Holland, concerning the charges. The exact nature of the conversation between the two is unclear from the record, but Evans testified that he anticipated that the grand larceny charges would be dropped if Lambur would plead guilty to the check charges. (Transcript, habeas corpus plenary hearing, May 19, 1966, p.

74.) On March 30, 1965, Lambur did plead guilty to the check charges and was convicted. The grand larceny charge was continued, and sentencing was deferred until after a presentence report.

The presentence report on Lambur showed that he had a lengthy record of convictions. According to Mr. Evans' testimony, Mr. Holland probably felt that in view of Lambur's long record he could not move to *nolle prosequi* the grand larceny charge or recommend a light sentence. (*Id.* at 74). Accordingly, Holland elected to try Lambur on that charge. Lambur again pleaded guilty; motivated, he says, by the fear that he would be given a longer sentence on the uttering conviction were he to plead not guilty to the grand larceny charge. (Answer to Respondent's Motion to Dismiss, filed November 6, 1972). He was convicted of grand larceny and then sentenced to ten years confinement on the grand larceny charge and five years on the uttering charge.

■■ Lambur now claims that the trial judge failed to inquire into the voluntariness of his guilty plea to the charge of grand larceny and that in fact his plea to it was involuntary. In addition to these two claims, the Court also considers the voluntariness of the original plea of guilty to the uttering charge. Lambur's first claim is palpably without merit, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires that the criminal record show on its face that the defendant understood the ramifications of his guilty plea and on which Lambur apparently relies, has been held to be not retroactive. Smith v. Cox, mem. decis. No. 14,381 (4th Cir., May 6, 1970); see Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Moreover, even if it were, the transcript reveals that the trial judge inquired extensively into the voluntariness of Lambur's plea. (Transcript, April 15, 1965, pp. 54–56.) His full understanding of the effects of his plea are apparent from the record.

■ Lambur also claims that the prosecuting attorney entered into a plea bargain with him which was broken by the prosecutor's decision to try Lambur on the grand larceny charge. It is true that a plea bargain between a prosecuting attorney and a defendant which results in a guilty plea and which is subsequently broken may render involuntary the guilty plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1972). In *Santobello*, the prosecuting attorney had agreed to recommend a light sentence in return for the defendant's plea of guilty to one of the charges. The defendant so pled, but a considerable amount of time elapsed between the conviction and the sentencing. At the sentencing, another attorney represented the state and recommended that the judge sentence Santobello to the maximum penalty. Santobello's attorney promptly objected on the basis of the broken plea bargain, but the judge overruled the motion to withdraw the plea and sentenced Santobello to the maximum penalty, stating that he was doing so on his initiative and without regard to the prosecutor's suggestion.

Upon review, the United States Supreme Court held that while the plea bargaining process itself does not render a guilty plea involuntary, due process requires that the promises of a prosecutor that induce a guilty plea must be kept. If they are not, then the defendant is entitled either to withdraw his plea or to be afforded specific performance of the bargain. The precise relief available depends upon the circumstances of the case.

■ Examining the facts of this case, the Court concludes that even if Lambur had been induced to plead guilty to the uttering charge by a promise not to prosecute him for grand larceny, which was subsequently broken, he is not entitled to relief. The reason for this conclusion is that Lambur became aware of the breach in the alleged promise prior to his sentencing on the uttering charge. He was thus in a position either to move to withdraw his plea of

guilty or, seeking specific performance of the agreement, to move to quash the grand larceny indictment. Unlike Santobello, Lambur made no attempt to inform the trial judge of the alleged broken promise. Instead he pled guilty to the grand larceny conviction, informing the Court that he had no objections to the way in which his case was being handled (Transcript, April 15, 1965, pp. 54–56). By so doing, he made it impossible for the trial judge to ascertain whether a plea bargain had in fact been entered into and then breached.

 Generally, the failure to raise a constitutional question by proper objection or motion at trial forecloses consideration of that question on appeal. United States v. Hart, 407 F.2d 1087 (2d Cir. 1969). The same considerations apply to post-conviction review by means of habeas corpus. It is true, of course, that this rule of litigation cannot be followed blindly and ought not to preclude a prisoner from asserting a right which has been recognized, retroactively, by court decision, since the date of trial. This caveat does not aid Lambur, however, since courts have generally permitted the withdrawal of a guilty plea in cases such as this even before *Santobello*. *E g.,* Ward v. United States, 116 F. 2d 135 (6th Cir. 1940) ; see Note, Guilty Plea Bargaining: Compromises by Prosecutors to Secure Guilty Pleas, 112 U. Pa.L.Rev. 865, 877 (1964). Moreover, Lambur's situation is unlike the defendant who may assert a broken plea bargain even though he may have stated at the time of tendering his plea that no bargain had been made. In this latter situation, courts have recognized that the denial of an agreement is a part of the plea bargaining process and have been willing to look through such a denial. See, e. g., Hilliard v. Beto, 465 F.2d 829, 11 Cr.L. (5th Cir. 1972). In this case, however, Lambur knew that the plea bargaining process had broken down and had the opportunity to allow the trial judge to correct the alleged error. After refusing to take advantage of that opportunity by notifying the trial judge, Lambur cannot now, years later when retrial might well be impossible, be heard to attack the alleged error. Accordingly, the Court holds that Lambur may not attack the voluntariness of his plea of guilty on the uttering charge on the basis of an allegedly broken plea bargain.

 Finally, Lambur attacks the voluntariness of his plea of guilty to grand larceny. The broken plea bargain could have had no effect on this plea and need not be considered further. Lambur does state that he feared that a not guilty plea to this charge might induce the trial judge to sentence him more harshly on both the grand larceny charge and on the uttering charge. Fears such as this do not render a plea involuntary. Such calculations doubtless go through the mind of every defendant who pleads guilty, and he cannot later be allowed to attack his plea on the basis of them.

The respondent's motion for summary judgment will be granted.