**Horace Dean COSBY**

v.

**R. M. MUNCY.**

**Civ. A. No. 78–0622–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 27, 1979.

---

**5.** *Cates v. Trans World Airlines, Inc.,* 561 F.2d 1064, 1067 n. 4 (2d Cir. 1977).

Horace Dean Cosby, pro se.

James E. Kulp, Deputy Atty. Gen., Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Horace Dean Cosby, an inmate at the Powhatan Correctional Center, proceeding *pro se,* petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254 (1970). Petitioner brought this action *in forma pauperis.* Petitioner bases his claim for relief on three grounds: (1) an unlawfully obtained confession which resulted in an involuntary guilty plea; (2) the Commonwealth's breach of a plea bargain agreement; and (3) a denial of his motion to reduce his sentence. Respondent has filed a motion to dismiss accompanied by supporting affidavits. The Court will construe such as a motion for summary judgment. Fed.R.Civ.P. 12(c). Petitioner has responded. It is this motion which the Court will now consider.

## I.

On 14 July 1976 in the Circuit Court of the County of Henrico petitioner pled guilty to charges of robbery (3 counts) and the use of a firearm during a felony (Tr.R. at 3, 11, 12, 13 and 14). Petitioner claims the plea of guilty was the result of an illegal confession procured from the petitioner by the Commonwealth.

The defendant who pleads guilty is convicted on his counseled admission to the court that he did commit the crime. The prior confession is not offered as evidence at any trial and is not the basis for the judgment. Thus the question focuses not on the integrity of the state convictions obtained after a party enters a guilty plea, but whether, years later the defendant will be allowed to withdraw a plea, which was valid when originally made, and force the State to prove its case against him. *McMann v. Richardson,* 397 U.S. 759, 773, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The Supreme Court has pointed out

[f]or the defendant who considers his confession involuntary and hence unusable against him at a trial, tendering a plea of guilty would seem a most improbable alternative. The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal, or, if necessary in a collateral proceeding, and win acquittal, however guilty he may be . . A more credible explanation for a plea of guilty by a defendant who would go to trial except for his prior confession is his prediction that the law will permit his admissions to be used against him . . the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that a plea of guilty is the most advantageous course. Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession is an involuntary act. His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised . . . his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable. *McMann, supra* at 768, 769, 90 S.Ct. at 1447–1448.

The Court went on to hold "a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney." *McMann, supra* at 772, 90 S.Ct. at 1449. There being no accompanying allegation or indication of attorney incompetence, the defendant's motion for summary judgment will, therefore, be granted with regard to the petitioner's

claim of a coerced confession and involuntary guilty plea.

## II.

■ Petitioner's second claim alleges a breach of a plea bargain. Petitioner contends that in return for his testimony in Federal District Court at the trial of Robert Blake and a guilty plea, either two armed robbery charges against petitioner would be dropped or, at petitioner's selection, all sentences petitioner received would run concurrently. Petitioner in his complaint, has named the Assistant U.S. Attorney who allegedly made the bargain and identified the trial at which he testified. It is well settled that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). The record of petitioner's trial establishes the following facts: (1) the petitioner indicated he had had the opportunity to discuss the case with his attorney (Tr.R. at 4); (2) the Court explained the consequences of the petitioner entering a plea of guilty (Tr.R. at 4–6); (3) the Court explained to the petitioner it would not be bound by any recommendations by the Commonwealth (Tr.R. at 6); (4) the Court asked both the Commonwealth's Attorney and petitioner's attorney if there had been any plea bargaining or agreement as to recommendations to be made by the Commonwealth (Tr.R. at 6); (5) the Commonwealth's Attorney and the defense attorney agreed that the bargain reached specified if petitioner testified in the federal bank robbery case and entered a plea of guilty the Commonwealth would make a recommendation to the Court that the time petitioner received on two of the charges would run concurrently with the time he received on the other charges, or the time on two of the charges would be suspended. Further, it was agreed that the Commonwealth's Attorney would have "total control" of which two charges were selected with reference to either concurrent or suspended sentences and whether the recommendation would be for the concurrent or suspended sentences (Tr.R. at 7–9); (6) petitioner's attorney stated that he had fully explained the agreement to the petitioner as it was stated to the court; and (7) at no time did petitioner object, or in any way indicate that such was not his understanding of the agreement (Tr.R. at 7–11).

■ It is the opinion of this Court that it is now too late for petitioner to allege that there existed at the time of trial and sentencing a plea bargain agreement which was substantially different from the one revealed in open court. If the terms stated by the Commonwealth's Attorney were not the full extent of the plea agreement petitioner or his counsel should have stated as much when given the opportunity. Petitioner has given no reason why he didn't take advantage of these opportunities. As stated by the Supreme Court of Virginia:

"When there is noncompliance, whether intentional or inadvertent, by the prosecutor with the plea bargain agreement as the defendant understands it, the defendant must promptly call such noncompliance to the court's attention and request that he be allowed to withdraw his guilty plea, otherwise it will be deemed to have been waived." *Johnson v. Commonwealth,* 214 Va. 515, 518–19, 201 S.E.2d 594, 597 (1974).

In the case of *Lambur v. Slayton,* 356 F.Supp. 747 (E.D.Va.1973) a Virginia prisoner seeking federal habeas corpus relief alleged that his pleas of guilty to charges of grand larceny and uttering worthless checks were involuntary. The facts of that case reveal that Lambur's attorney apparently struck a plea bargain agreement with the Commonwealth's Attorney whereby the grand larceny charges would be dropped if Lambur would plead guilty to the check charges. Lambur did plead guilty to the check charge, and was convicted, but the Commonwealth's Attorney did not drop the grand larceny charge. Instead of voicing an objection, Lambur went ahead and pled guilty to the grand larceny charge apparently motivated by a fear that he would be given a longer sentence on the uttering conviction if he pled not guilty.

In *Lambur,* the Court stated:

Examining the facts of this case, the Court concludes that even if Lambur had been induced to plead guilty to the uttering charge by a promise not to prosecute him for grand larceny, which was subsequently broken, he is not entitled to relief. The reason for this conclusion is that Lambur became aware of the breach in the alleged promise prior to his sentencing on the uttering charge. He was thus in a position either to move to withdraw his plea of guilty or, seeking specific performance of the agreement, to move to quash the grand larceny indictment. Unlike Santobello, Lambur made no attempt to inform the trial judge of the alleged broken promise. Instead, he pled guilty to the grand larceny conviction, informing the Court that he had no objections to the way in which his case was being handled. (Tr. April 15, 1965, pp. 54–56). By so doing, he made it impossible for the trial judge to ascertain whether a plea bargain had in fact been entered into and then breached.

Generally, the failure to raise a constitutional question by proper objection or motion at trial forecloses consideration of that question on appeal. *United States v. Hart,* 407 F.2d 1087 (2d Cir. 1969). The same considerations apply to post-conviction review by means of habeas corpus . . . ." *Lambur, supra* at 750–751. Like Lambur, petitioner in this case "knew that the plea bargaining process had broken down and had an opportunity to allow the trial judge to correct the alleged error." *Lambur, supra,* at 751. After refusing to take advantage of that opportunity petitioner cannot now be heard to attack this alleged error. Accordingly, as to petitioner's claim of breach of plea bargain agreement, respondent's motion for summary judgment will be granted.

### III.

■ Petitioner's final claim for relief arises from the trial court's refusal to consider his motion for reduction of sentences. The Court finds that this allegation has failed to state a federal constitutional claim upon which habeas corpus relief can be granted. The federal court's power to review State court sentencing decisions is strictly limited. *Stevens v. Warden, Maryland Penitentiary.*[1] A motion for reduction of sentence is addressed to the sound discretion of the State court judge. Absent some clear abuse of this discretion his decision is not reviewable by this Court. *Cf, United States v. Stumpf,* 467 F.2d 945 (4th Cir. 1973). The Court finds no such abuse of discretion present in the case at hand. Accordingly, as to plaintiff's third and final claim respondent's motion for summary judgment will be granted.

---

1. 382 F.2d 429 (4th Cir. 1967) Court of Appeals stated "the federal courts have no right to review any sentence of a state court which does not exceed statutory maximum sentence which may be imposed under the laws of the state."