873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William I. BANDAS, Defendant-Appellant.
 No. 88-7668.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 13, 1989.
Decided: April 13, 1989.
Rehearing and Rehearing En Banc Denied May 16, 1989.
 
 Murray Joseph Janus (Dennis W. Dohnal, Bremner, Baber & Janus; Pamela A. Wilk, Peter Goldberger, Alan Ellis, Law Offices of Alan Ellis, P.C., on brief), for appellant.
 Charles Dee Griffith, Jr., Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before WIDENER and CHAPMAN, Circuit Judges, and KAREN LECRAFT HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The petitioner Bandas seeks relief from the district court's summary denial of his motion under 28 U.S.C. Sec. 2255 to vacate a guilty plea he alleges he entered based on a plea agreement that the government breached. Bandas entered negotiated pleas of guilty to conspiracy to defraud the United States, 18 U.S.C. Sec. 371, and aiding the preparation of false statements, 26 U.S.C. Sec. 7206(2). Under the terms of the plea bargain Bandas agreed to render full cooperation to the authorities. In turn, the government agreed not to prosecute Bandas for other known violations of federal laws. The government further agreed to inform the sentencing judge and the probation office of both the "full nature and extent of his cooperation" and "the date when such cooperation commenced," but did not agree to recommend a certain sentence. The judge approved the plea agreement and later sentenced Bandas to four years' imprisonment, one year shy of the maximum, and the maximum allowable fine of $10,000 on the conspiracy count. He also sentenced Bandas to a two-year term, one year shy of the maximum, and the maximum fine of $100,000 on the preparation of false statements count. The prison terms were to run consecutively and the fines were cumulative.
 
 
 2
 Bandas did not object to any alleged breaches of the plea agreement by the government either at the sentencing hearing or on appeal. Instead, approximately two years after entering his plea and receiving his sentence, Bandas brought this petition before the district court alleging that the government had breached the plea agreement by not informing the sentencing judge of the full nature and extent of his cooperation and of the date when his cooperation commenced. The district court summarily found that the government had fulfilled its obligation under the agreement to disclose the full nature and extent of Bandas's cooperation and held that the government's failure to inform the sentencing judge of when Bandas's cooperation began did not constitute a "material" breach of the agreement. The district court is affirmed on a different ground.
 
 
 3
 Bandas entered his plea of guilty pursuant to his plea agreement on June 25, 1986, and was sentenced on August 14, 1986. Bandas is a lawyer and was represented by counsel at all pertinent times throughout the criminal prosecution. Nonetheless, he failed to object to the government's alleged breach of the plea agreement at the sentencing hearing or on appeal. Bandas brought this action on April 6, 1988, nearly two years after receiving his sentence. This court has indicated that a delay of just a few months can undermine the credibility of a challenge to a sentence based on a breached plea agreement. Hartman v. Blankenship, 825 F.2d 26 (4th Cir.1987) (rejecting claim that "petitioner remained in a state of confusion until it dawned on him, several months after sentencing, that the prosecutor had breached an oral promise"). Under these facts, Bandas has waived his right to seek relief for the alleged breach by not objecting at the sentencing hearing or on appeal and by not bringing this action for nearly two years after he knew or should have known of the breaches. Accord Cosby v. Muncy, 469 F.Supp. 656 (E.D.Va.1979); Lambur v. Slayton, 356 F.Supp. 747, 751 (E.D.Va.1973).
 
 
 4
 AFFIRMED.