COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Richmond, Virginia

PRINCE A. McKINNY, JR., S/K/A
 PRINCE A. McKINNEY, JR.

v.   Record No. 0775-95-1          MEMORANDUM OPINION[*] BY
                                   JUDGE WILLIAM H. HODGES
    COMMONWEALTH OF VIRGINIA           MAY 14, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     Walter J. Ford, Judge

          Fred C. Hardwick, II (Eusner & Hardwick,
          P.C., on brief), for appellant.

          John K. Byrum, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


    The appellant, Prince A. McKinney, Jr., contends that the

trial judge erred in refusing to allow him to withdraw his pleas

of guilty.  For the reasons that follow, we find no error and

affirm.

                              **I.**

    Appellant was indicted on the following six charges:

robbery of a McDonald's Restaurant employee on January 14, 1994,

and threatening to bomb that restaurant; robbery of a Burger King

Restaurant employee on January 24, 1994, and threatening to bomb

that restaurant; and attempted robbery of a Taco Bell Restaurant

employee on February 20, 1994, and threatening to bomb that

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

restaurant.

Trial was initially scheduled for October 12, 1994, however, on that date, the case was continued until November 15, 1994, on appellant's motion. On November 15, 1994, appellant again moved for and was granted a continuance until January 10, 1995. On January 10, 1995, appellant was arraigned. The following colloquy took place:

>THE COURT: Have you had enough time to confer with [your attorney] to prepare yourself for these trials?
>
>APPELLANT: Yes, sir.
>
>                * * * * * * *
>
>THE COURT: And have you talked with [your attorney] about what plea that you are going to make to these charges and whether you want to be tried by the Court or by a jury?
>
>APPELLANT: Yes, sir.
>
>THE COURT: Has he explained to you the legal elements of these offenses and what must be proven by the Commonwealth beyond a reasonable doubt?
>
>APPELLANT: Yes, Your Honor.

The prosecutor then asked the trial judge to arraign appellant on only two charges: the McDonald's robbery and the Taco Bell attempted robbery. Appellant pled guilty to both charges. Before the trial judge accepted appellant's pleas, the following dialogue occurred:

>THE COURT: What grade did you last finish in school?
>
>APPELLANT: Twelfth.

THE COURT:  And do you understand that you have the right to plead not guilty?

APPELLANT:  Yes, sir.

THE COURT:  Do you understand that if you plead guilty that is a judicial admission of your guilt?  You're admitting that you are guilty.

APPELLANT:  Yes, sir.

THE COURT:  And whose decision was it to plead guilty, yours or your attorney?

APPELLANT:  Mine.

THE COURT:  And before you came to that decision, did you first confer with your attorney and go over the case and talk about it?

APPELLANT:  Yes, sir.

THE COURT:  Is your plea of guilty made completely freely and voluntarily in each case?

APPELLANT:  Yes, sir.

THE COURT:  Has anyone promised you anything or used any force or threats on your person or mind to get you to plead guilty?

APPELLANT:  No, sir.

THE COURT:  Are you pleading guilty because you are in fact guilty of these two offenses?

APPELLANT:  Yes, sir.

THE COURT:  And do you understand that if you plead guilty that you waive your right to a trial by jury?

APPELLANT:  Yes, sir.

THE COURT:  You also may waive your right to appeal the decision of this Court.  You do waive your right not to incriminate yourself.  That is, you waive your right to remain

silent.  You waive your right to be confronted by your accusers.

These are felonies.  If you are convicted you will lose your right to vote, to hold public office.  And if you testify at a trial your credibility could be tested by asking you if you have ever been convicted of a felony.  Do you understand all of that?

APPELLANT:  Yes, sir.

THE COURT:  And has your attorney advised you as to the minimum and maximum sentence you could receive on each of these?

APPELLANT:  Yes, sir.

The trial judge was told that there was a plea agreement, after which defense counsel stipulated to the evidence.  The prosecutor summarized the evidence as follows:

Your Honor, if presented, the evidence would show with regard to the robbery of McDonald's on January 14th, of 1994, the Defendant went to the McDonald's Restaurant located at 236 South Mallory Street here in the City of Hampton.  He presented a note to the clerk there, Phyllis LeBoeuf, which stated that he was armed and told her to give him money.

Ms. LeBoeuf gave him five hundred and eighty-eight dollars of McDonald's money based on his note claiming that he was armed. The Defendant subsequently gave a statement to Detective Browning admitting to that robbery.

With regard to the Taco Bell, the evidence would show that on February 20th, of 1994, the Defendant presented a similar note as in the McDonald's case to Charles Rainey at the Taco Bell store . . . . That note indicated that there was a bomb that Mr. McKinny [sic] had planted and that if he didn't give him the money that he would set the bomb off.  At the time the Defendant gave Mr. Rainey the demand note, the Defendant was standing outside the door.  After Mr. Rainey got the note he slammed the door and locked

4

> it, so ultimately the Defendant did not get
> any money from Taco Bell.
> The Defendant also gave a statement
> admitting to that attempted robbery. . . .
> Based on the Defendant's plea [sic] of guilty
> to these two charges, I would ask the Court
> to nol-pros[equi] the remainder.

The trial judge directed counsel to put the agreement in writing. After a brief recess, a written agreement was presented, and the trial judge accepted it. The remaining four charges were nolle prosequied on motion of the prosecutor.

At the March 2, 1995 sentencing hearing, appellant moved to withdraw his pleas. Defense counsel (Smith) explained that, after pleading guilty to the two charges, appellant

> stood before the Isle of Wight County Court
> on similar charges. The Judge in that case
> reduced the, I believe, attempted robbery
> charge -- the facts were similar to the one
> that was before this Court -- reduced it to
> an extortion charge and the Defendant, I
> believe, was upset that he entered pleas of
> guilty to this.

The Commonwealth's Attorney objected, arguing that the pleas were knowing and voluntary and that other charges were dropped based on his pleas. The trial judge indicated that he was "inclined to grant the motion" if the Commonwealth was not prejudiced by appellant's actions. The trial judge directed the prosecutor to determine whether the witnesses necessary to prosecute the original six charges were still available. Defense counsel (Smith) moved to withdraw, and the trial judge granted that request.

On March 8, 1995, the prosecutor made the following

5

representation to the trial judge:

> Your Honor, this case involves three separate robberies or attempted robberies involving different victims.  One of the victims is still available, ready to come to court; that's the January 14th case.  Karin Gimple no longer has a listed phone number, and the work number that we had for her is now a fax or a modem computer type line.  We have no way of reaching her.  And Charles Rainy [sic], on the February 20th offense date, is apparently in the area but is not very cooperative and does not want -- obviously does not want to come to court again.
>
> So we would have witness problems on two out of three underlying offenses and we would again object to the defendant being allowed to withdraw his pleas . . . . And I don't think the justification that he stated to the Court last week . . . would be sufficient to understanding his knowing, and voluntary, plea of guilty to the two robberies and the attempted robbery.

Defense counsel (Hardwick) argued that the witnesses were still available and could be ordered to appear, therefore, appellant "ought to be able to withdraw the guilty plea [sic]."

The trial judge made the following ruling:

> The Court finds from the evidence that the Commonwealth's position is different than what it was when this matter was originally set for trial.  The witnesses at that point, as the Court recalls, were available and were ready to proceed with trial.  The plea agreement was worked out without any duress or any pressure against the defendant.  And the Court does not know the reason for the defendant wanting to withdraw.
>
> Having found that the Commonwealth's position has now been altered and that they would be placed at an -- the Court rules that they would be placed at a disadvantage now to proceed on this matter, and the motion to withdraw his guilty plea [sic] is denied.

6

On March 31, 1995, the trial judge imposed a ten-year sentence for the robbery and a five-year sentence for the attempted robbery.

## II.

A defendant has no absolute right to withdraw a plea of guilty or nolo contendere; rather, such privilege is permissive. See Code § 19.2-296 (providing that "a motion to withdraw a plea of guilty or nolo contendere may be made" before sentence is imposed).

> [W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that <u>rests within the sound discretion of the trial court</u> and is to be determined by the facts and circumstances of each case. No fixed or definite rule applicable to and determinative of all cases can be laid down. However, the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith <u>under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence</u> and would not otherwise have been made.

Parris v. Commonwealth, 189 Va. 321, 324-25, 52 S.E.2d 872, 873-74 (1949) (emphasis added).

Virginia case law requires liberal allowance to withdraw pleas before sentencing as long as there is some basis for believing that the defendant is in fact innocent or "the ends of justice will be subserved." Id. at 325, 52 S.E.2d at 874. But if the motion to withdraw the plea is intended to delay or present a "formal" defense, the trial judge should deny the motion. Id. Moreover, the United States Supreme Court has held that a plea is not compelled merely because an accused enters it to avoid the possibility of more severe punishment. North

8

Carolina v. Alford, 400 U.S. 25, 31, 37 (1970).  Where the prosecution fails to honor any terms of the plea agreement, a defendant has a right to withdraw a guilty plea, if such motion is timely made.  Lilly v. Commonwealth, 218 Va. 960, 963, 243 S.E.2d 208, 210 (1978); Johnson v. Commonwealth, 214 Va. 515, 518, 201 S.E.2d 594, 597 (1974).

The trial judge thoroughly examined appellant to ensure that his guilty pleas were entered freely, knowingly, and voluntarily.  The record shows that appellant admitted that he committed the acts for which he was convicted.  Moreover, the Commonwealth complied with the terms of the agreement and nolle prosequied the remaining four charges.

On appeal, appellant contends that he had a right to withdraw his pleas (1) because the Commonwealth failed to show that its witnesses were unavailable; and (2) because the pleas were entered "under an honest mistake on his part as to the nature of the charges and the crimes which he truly committed."

The law in Virginia does not require the trial court to allow an accused to withdraw a guilty plea merely because witnesses and evidence are still available.  The availability of evidence is a factor for the trial court to consider in determining how to exercise its discretion, but the prosecution is not required to establish that such evidence is unavailable before a trial court may exercise its discretion.

Appellant failed to show that his pleas were entered "under

9

an honest mistake of material fact" or through any misconduct by the Commonwealth.  Appellant did not show that his pleas were induced by fraud, coercion, or undue influence.  Moreover, he failed to show that, since conferring with counsel and pleading guilty, he gained any additional evidence relating to this case that would have affected his decision to plead guilty or that supported a valid defense to his admitted acts.

Appellant does not contest the proffered evidence presented to the trial court.  We cannot say that the proffered, uncontested evidence did not support the robbery and attempted robbery charges.  The fact that another trial court allegedly found appellant guilty of a reduced charge for a different, unrelated crime does not establish that appellant was innocent of these crimes or that he could not have been tried for robbery.

Viewing the entire record, including the evidence and the facts surrounding the agreement and pleas, we cannot say that the trial judge abused his discretion in refusing to allow appellant to withdraw his pleas of guilty.  Accordingly, we affirm appellant's convictions.

Affirmed.

10