COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued by teleconference


EZELL TORONTO GREENE, S/K/A
 EZELL TORONTO GREEN
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1137-97-3    JUDGE JERE M. H. WILLIS, JR.
                                         APRIL 28, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                  Rudolph Bumgardner, III, Judge

          William E. Bobbitt, Jr., Public Defender, for
          appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


        On appeal from his conviction for robbery, Ezell Toronto

Greene contends that he did not enter his guilty plea

voluntarily, knowingly and intelligently and that the

Commonwealth's attorney breached the plea agreement by failing to

recommend the sentence contained in the agreement.  Because

Greene failed to preserve these issues in the trial court, we

will not consider them on appeal.
                   No ruling of the trial court . . . will
          be considered as a basis for reversal unless
          the objection was stated together with the
          grounds therefor at the time of the ruling,
          except for good cause shown or to enable the
          Court of Appeals to attain the ends of
          justice.

Rule 5A:18.
_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The primary function of the contemporaneous objection rule is to advise the trial court of the action or ruling complained of so that the trial court may consider the issue intelligently and, if warranted, take timely corrective action to avoid unnecessary appeals, reversals and mistrials. See generally Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). To hold otherwise would invite parties to remain silent at trial, thereby building error into the record and causing needless appeals.

Greene tendered no objection to the rulings or procedures of the trial court. He made no objection to the actions of the Commonwealth's attorney. He moved neither to withdraw his plea of guilty nor to set aside the sentence. Thus, he failed to preserve these issues properly for appeal.

"Under Rule 5A:18, we do not consider trial court error as a basis for reversal where no timely objection was made except in extraordinary situations to attain the ends of justice." Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). We find no reason to invoke that exception in this case.

> "[T]he ends of justice exception is narrow and is to be used sparingly . . . ." "[I]t is a rare case in which, rather than invoke Rule [5A:18], we rely upon the exception and consider an assignment of error not preserved at trial . . . ." In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage of justice might have occurred. The trial error must be "clear, substantial and material."

Id. at 220-21, 487 S.E.2d at 272 (emphasis in original) (citations omitted).

A.

Indicted for robbery, Greene entered into a plea agreement, which provided, in part:

> The Commonwealth of Virginia . . . pursuant to Rule 3A:8(c)(1)(B) of the Rules of the Supreme Court, agrees following a plea of guilty by Defendant to recommend as follows:
>
> Defendant is to be found guilty as charged in the indictment and is to be sentenced to confinement in the penitentiary for a period of five years and shall pay the Court costs. The five years penitentiary sentence is to be suspended for a period of five years upon the following conditions . . . .
>
> Defendant, and Counsel for Defendant, as evidenced by their signatures hereinbelow, agree to the terms of such recommendation if the recommendation is accepted by the Court.

At his arraignment, Greene pled guilty. Responding to questions from the trial court, Greene acknowledged that he had entered his plea voluntarily and understanding the consequences. The trial court entered the plea agreement into the record and examined Greene's understanding of its effect. Greene affirmed: (1) that the written plea agreement reflected the entire agreement; (2) that he had read and discussed the plea agreement fully with his attorney; and (3) that he understood the agreement and had signed it of his own free will. The following dialogue ensued:

> COURT:  Tell me in your own words what you understand to be the sentence that you would receive _if the plea agreement is followed_.
>
> MR. GREENE:  Five years' prison time, and the prison time be suspended on the condition that I be on five years' supervised probation, and obey my probation.

(Emphasis added).

The trial court found that Greene had entered his plea knowingly, voluntarily and intelligently.  It memorialized this finding in its written order.  Greene contests this finding because the trial court failed to advise him that he could not withdraw his plea if the court did not accept the sentencing recommendation.  See Rule 3A:8(c)(2).  This argument is moot.  Greene never sought to withdraw his plea.  Therefore, he was not prejudiced by the trial court's failure to advise him that he could not do so.

### B.

Greene contends also that the Commonwealth's attorney breached the plea agreement, which required the Commonwealth to recommend that Greene receive a suspended five-year sentence. See Rule 3A:8(c)(1)(B).

At the sentencing hearing, a probation officer presented a presentence report prepared at the order of the trial court.  The probation officer testified that an appropriate sentence under the guidelines would include a period of incarceration.  The Commonwealth's attorney stated that he was presented with a "novel situation" because of:

- 4 -

> [T]he vast difference in the sentencing guidelines prepared by [the probation officer] and the original guidelines from which the plea agreement was prepared.
>
> The Presentence Investigation Report, again[] is not a good report, as far as this Defendant is concerned. The Commonwealth, of course, is perplexed because of the difference in the sentencing guidelines, as I've alluded to.
>
> For all of these reasons, the Commonwealth simply submits the matter to the Court at this point.

The trial court sentenced Greene to five years in the penitentiary, and suspended two years and six months of the sentence upon certain conditions.

> When there is noncompliance, whether intentional or inadvertent, by the prosecutor with the plea bargain agreement as the defendant understands it, the defendant must promptly call such noncompliance to the court's attention and request that he be allowed to withdraw his guilty plea, otherwise it will be deemed to have been waived.

Johnson v. Commonwealth, 214 Va. 515, 518-19, 201 S.E.2d 594, 597 (1974).

At the hearing, Greene's counsel acknowledged that sentencing lay within the discretion of the trial court. Despite the omission of a recommendation by the Commonwealth's attorney, Greene did not complain. See Holler v. Commonwealth, 220 Va. 961, 967, 265 S.E.2d 715, 718 (1980). Thus, he waived objection to the Commonwealth's attorney's noncompliance with the plea agreement.

Under the terms of the agreement, the trial court was

permitted to impose a sentence at variance with the plea agreement.  Greene was not convicted of a crime for which he was not guilty.  We find no miscarriage of justice.  We affirm the conviction.  The motion for bail is denied.

<u>Affirmed.</u>
