COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Haley
Argued at Richmond, Virginia


ANTHONY RUSSELL

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1585-04-2              JUDGE WALTER S. FELTON, JR.
                                                         JULY 5, 2005
COMMONWEALTH OF VIRIGNIA


                 FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                              Leslie M. Osborn, Judge

            Joseph W. Kaestner (Theodore Tondrowski; Tondrowski &
            Associates, P.C., on briefs), for appellant.

            Paul C. Galanides, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Anthony Russell appeals a denial of his motion to reconsider and to modify sentences

imposed following his conviction of two charges of distribution of cocaine on pleas of guilty

pursuant to a plea agreement.  Russell contends that the trial court erred in denying his motion

because the Commonwealth breached the plea agreement by failing to argue for a sentence no

greater than the mid-point sentencing guideline recommendation, and that it used the incorrect

sentencing guideline worksheet to determine its sentences.  Finding no error in the judgment of the

trial court, we affirm.

                                            I.

        "Under familiar principles of appellate review, we view the evidence and all reasonable

inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

party that prevailed below." <u>Banks v. Commonwealth</u>, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003).

On October 8, 2003, Russell entered pleas of guilty to two indictments charging distribution of cocaine in violation of Code § 18.2-248, pursuant to a plea agreement. Under the terms of the agreement, Russell pled guilty to the two indictments. In return, the Commonwealth agreed to *nol pros* a separate indictment charging Russell with conspiracy to distribute cocaine and that, at sentencing, it would argue for "an active sentence no greater than the mid-point of the sentencing guidelines." The agreement expressly left "all other matters remaining," including sentencing, to the discretion of the trial court.

Prior to accepting the plea agreement, the trial court conducted a colloquy with Russell, during which Russell acknowledged that he entered into the plea agreement voluntarily and intelligently; that no promises other than those contained in the written plea agreement were made to him; that he was satisfied with the services of his lawyer; and that he understood by pleading guilty to the indictments, the trial court could sentence him to forty years imprisonment on each indictment, or to a maximum of eighty years. Russell also acknowledged his understanding that the trial court was not required to follow any sentencing recommendation by the Commonwealth, that it was not required to follow the sentencing guidelines, and that if it did not accept the sentencing recommendation by the Commonwealth, he had no right to withdraw his pleas of guilty. Following the colloquy, and based on Russell's responses to its questions, the trial court found that Russell's pleas of guilty to the indictments were entered freely and voluntarily. The trial court convicted Russell based on his pleas of guilty and the Commonwealth's proffer of evidence, to which Russell raised no objection. It ordered a pre-sentence report and, pursuant to the Commonwealth's request, *nol prossed* the indictment charging Russell with conspiracy to distribute cocaine.

At the subsequent sentencing hearing, the trial court had before it the pre-sentence report and two separate sentencing guideline worksheets: one calculating the sentencing mid-point recommendation treating the current convictions as first drug distribution offenses, and the other calculating the sentencing mid-point recommendation treating the current convictions as subsequent convictions as a result of Russell's additional conviction of drug distribution in Mecklenburg County three weeks prior to the sentencing hearing.[1] The pre-sentence report reflected Russell's extensive criminal history, including the recent Mecklenburg conviction. In its sentencing argument, the Commonwealth asked the trial court to discard the lesser sentencing guideline recommendation, with a mid-point range of five years and five months, and that it adopt the greater one, with a mid-point range of sixteen years and eleven months. Stressing Russell's criminal record and calling him a career criminal, the Commonwealth argued that there was no reason for the trial court to be lenient in its sentence. Russell did not object to the Commonwealth's sentencing arguments as being in breach of its agreement "to argue for an active sentence not greater than the mid-point of the sentencing guidelines," and he did not ask to withdraw his guilty plea.

The trial court specifically rejected the greater sentencing guideline recommendations, stating that they were not applicable to the circumstances in Russell's case. It sentenced him to forty years imprisonment on both of the drug distribution convictions for a total of eighty years, and then suspended all but eight years imprisonment on the first conviction. It cited Russell's criminal history and unreported "drug income," as the reason for the upward departure from the five year and five months sentencing guideline midpoint.[2] Russell's convictions and sentence became final twenty-one days after entry of the final order on December 8, 2003.

---

[1] The record reflects that the trial judge in this case was also the judge who convicted and sentenced Russell on the later drug distribution offense in Mecklenburg County.

[2] The active sentence was two years and seven months longer than the mid-point of the sentencing guidelines recommendation.

Russell obtained new counsel. On May 19, 2004, the trial court, with the Commonwealth's consent, granted Russell's request that he be retained in the local jail until his motion to reconsider and modify his sentence could be heard. Russell's Motion for Reconsideration of Sentence alleged that the Commonwealth had breached the terms of the plea agreement in its sentencing argument, and that the trial court erred by applying the longer sentencing guidelines. Russell did not ask the trial court to permit him to withdraw his guilty plea, but asked only that it modify his sentence to conform to the five years and five months mid-point of the lesser guidelines or that it permit his sentence to run concurrently with his Mecklenburg County sentence. Following a hearing *ore tenus* on the motion, the trial court denied Russell's motion. This appeal followed.

## II.

At the *ore tenus* hearing on his motion, Russell testified that his trial counsel told him that he would receive an active sentence of four years if he pled guilty to the two indictments charging distribution of cocaine. He also testified that he would not have pled guilty if he knew that the trial court was not going to impose that sentence. The trial court noted that at the original sentencing hearing Russell's answers to its questions reflected his understanding that it was not bound by any sentence recommendations, and that there were no other promises or agreements as to sentencing, or otherwise, not contained in the written plea agreement.

Assuming, without deciding, that the Commonwealth breached its plea agreement by arguing to the trial court for an active sentence greater than the mid-point of the sentencing guideline recommendation, Russell voiced no objection to the Commonwealth's sentencing argument, either as it was made or at its conclusion, as being in breach of the plea agreement. Moreover, following the Commonwealth's argument, he did not ask the trial court to allow him to withdraw his guilty plea. Nor did he do so within twenty-one days after the final sentencing order

was entered.[3]  Accordingly, he waived his challenge to any breach by the Commonwealth to the plea agreement.  See Johnson v. Commonwealth, 214 Va. 515, 518-19, 201 S.E.2d 594, 597 (1974).

Because his conviction and sentence became final twenty-one days after the trial court entered its final judgment order, Russell's contention that the Commonwealth breached the plea agreement would be no more than one of several factors for the trial court to consider in determining whether to modify the otherwise final sentencing order pursuant to Code § 19.2-303.[4]

III.

"We review a trial court's denial of a motion to reconsider for an abuse of discretion." Winston v. Commonwealth, 268 Va. 564, 620, 604 S.E.2d 21, 53 (2004); see Murphy v. Commonwealth, 246 Va. 136, 148, 431 S.E.2d 48, 55 (1993).  "It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'"  Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)).  Furthermore, the sentencing

---

[3] On December 30, 2003, more than twenty-one days after the final order was entered, Russell sent a letter to the trial judge stating, "I am asking of you to consider a plea withdrawal, and/or a Habeas Corpus, and also, a motion of ineffective counsel."  The trial court took no action on Russell's request.  Russell also sent a letter to the clerk of the court asking him to "draw up a motion for a plea withdrawal, and/or a Habeas Corpus, and also, a motion of ineffective counsel."  On January 14, 2004, the clerk advised Russell that he could not prepare pleadings for him or provide legal advice, and that he should contact his attorney.  He also sent Russell a state habeas corpus form.

[4] While Russell's motion to reconsider his sentence makes no reference to Code § 19.2-303, we recognize that the trial court retained jurisdiction to modify Russell's sentence pursuant to that statutory exception to Rule 1:1.  Rule 1:1 provides, in pertinent part, that a judgment of the trial court becomes final twenty-one days after its entry.  Code § 19.2-303 authorizes the trial court to modify a felony sentence of confinement so long as the person sentenced has not been transferred to the Department of Corrections.

guidelines "are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." Belcher v. Commonwealth, 17 Va. App. 44, 45, 435 S.E.2d 160, 161 (1993) (citation omitted). Finally, a trial court's failure to follow the voluntary sentencing guidelines "shall not be reviewable on appeal or the basis for any other post-conviction relief." Code § 19.2-298.01(F); see Hunt v. Commonwealth, 25 Va. App. 395, 405, 488 S.E.2d 672, 677 (1997).

In denying Russell's motion to reconsider and to modify his sentence, the trial court noted that it recalled the circumstances surrounding the original sentencing hearing, including Russell's testimony, his responses to its questions regarding the plea agreement, and its specific rejection of the greater sentencing guidelines recommendations.[5] It stated that, after reviewing the matters presented to it, it found no basis to modify the sentences it previously imposed.

Based on our review of the record, we find no abuse of discretion on the part of the trial court in failing to modify Russell's sentences, and affirm its judgment denying Russell's Motion for Reconsideration of Sentence.

Affirmed.

---

[5] The record shows that at the original sentencing hearing, the trial court specifically rejected the longer sentencing guidelines recommendations, and relied on the lower discretionary sentencing guidelines. The court filed the lesser sentencing guideline worksheet as part of the record in the case, and noted that it deviated upwardly from the recommended mid-point because of Russell's "Drug Income, Past Record."